**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANGELICA PAOLA TRILLERAS GOMEZ, MD,
and
JONATHAN ALAN LIAO

*Plaintiffs*,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security* et al.

*Defendants*.

No. 1:26-cv-02364-JMC

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**
**ORAL ARGUMENT REQUESTED**

1. Pursuant to Rules 7 and 65 of the Federal Rules of Civil Procedure and Local Civil Rule 65.1, Plaintiffs hereby respectfully move this Court for a preliminary injunction. Plaintiffs request that the Court grant Plaintiff Dr. Angelica Paola Trilleras Gomez ("Dr. Trilleras") a stay on unlawful presence accrual pending the conclusion of this litigation. Specifically, Plaintiffs request that the Court use its equitable powers under 5 U.S.C. § 705 to postpone the date when the Department of Homeland Security's ("DHS'") final rule, *Establishing a Fixed Time Period of Admission and an Extension of Stay Procedure for Nonimmigrant Academic Students, Exchange Visitors, and Representatives of Foreign Information Media*, 91 Fed. Reg. 44976, will apply to Dr. Trilleras' status until judicial review is complete. Plaintiffs also respectfully request oral argument on this motion.

2. Dr. Trilleras, a board-certified nephrologist who came to the U.S. as a J-1 exchange visitor, seeks adjudication of her I-612 application for an exceptional hardship waiver of the two-year foreign residence requirement. Defendant U.S. Citizenship and Immigration Services ("USCIS") denied Dr. Trilleras' hardship waiver application based not on the merits of Dr. Trilleras' hardship case, but on Defendant U.S. Department of State's ("DOS'") unpromulgated 'secret law' rule barring a recipient of a previous waiver from receiving a waiver in another category. This policy is not set out in any statute or regulation. USCIS also stated that Dr. Trilleras could herself terminate the original waiver, but there is no legal or procedural mechanism for her to do so. As set out in the Plaintiffs' First Amended Complaint, Defendants' actions are arbitrary, capricious, in excess of statutory authority, and without observance of procedure required by law. 5 U.S.C. § 706(2)(A), (C)–(D).

3. Dr. Trilleras has remained in the U.S. while pursuing her waiver application, although her graduate medical education program has ended and the thirty-day grace period has passed. Under the current J-visa regulations, Dr. Trilleras was admitted to the U.S. for her program under "duration of status" ("D/S"). Up to this point, the USCIS policy regarding D/S and unlawful presence has held that a noncitizen admitted under D/S does not begin to accrue unlawful presence until the day after receiving either a formal status violation determination from USCIS or an order of exclusion, deportation, or removal from an immigration judge. *Establishing a Fixed Time Period of Admission and an Extension of Stay Procedure for Nonimmigrant Academic Students, Exchange Visitors, and Representatives of Foreign Information Media*, 91 Fed. Reg. 44976, 44984 (July 17, 2026) (citing USCIS, *Interoffice Memorandum: Consolidation of Guidance Concerning Unlawful Presence for Purposes of Sections 212(a)(9)(B)(i) and 212(a)(9)(C)(i)(I) of the Act* (May 6, 2009), https://www.uscis.gov/

sites/default/files/document/memos/revision_redesign_AFM.PDF). On July 17, 2026, the Department of Homeland Security ("DHS") published a new final rule in the Federal Register that will end the D/S framework. *Establishing a Fixed Time Period of Admission,* 91 Fed. Reg. 44976 (July 17, 2026). The new rule will take effect on September 15, 2026, and under it, noncitizens admitted under D/S who have fallen out of status will immediately begin to accrue unlawful presence.

4. This change in policy adds a new layer of urgency to the litigation, because without relief, Dr. Trilleras will begin to accrue unlawful presence on September 15, 2026. The accrual of unlawful presence immediately places Dr. Trilleras at risk of detention and deportation. Additionally, more than 180 days of unlawful presence triggers a multi-year bar on reentering the U.S. after departing. This is a strict provision of U.S. immigration law, such that courts have recognized that the accrual of unlawful presence constitutes irreparable harm.

5. In addition to a certainty of irreparable harm, Dr. Trilleras' case meets the other prongs that make a preliminary injunction appropriate. As set forth in the accompanying Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction, Plaintiffs have shown a likelihood of success on the merits, that the balance of equities tips in their favor, and that a preliminary injunction would accord with public policy concerns.

6. Pursuant to Local Civil Rule 7(m) and Local Civil Rule 65.1, counsel for Plaintiffs certifies that on August 22–24, 2026, counsel conferred in good faith via electronic mail with Lauren Bryant, counsel for Defendants, regarding the relief requested herein. Defendants oppose the substantive relief requested in this Motion.

**RELIEF SOUGHT**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Grant Plaintiffs' Motion for a Preliminary Injunction;

B. Grant a stay of the application of DHS' final rule regarding D/S to Dr. Trilleras *pendente lite*; and

C. Grant such other, further, or alternative relief as this Court deems just and proper.

Dated: August 24, 2026

Respectfully submitted,

*/s/ Brian C. Schmitt*

Brian C. Schmitt (Bar No. MD0023)
Hake & Schmitt
2 Locust Lane, Suite 203
Westminster, MD 21157
Phone: 410-635-3337
Fax: 410-635-3308
brian@jvisausa.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I, Brian C. Schmitt, do hereby certify that this Motion and the accompanying Proposed Order were filed through the ECF system which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 24, 2026.

*/s/ Brian C. Schmitt*___
Attorney for Plaintiff